## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUSTAPHA ASSI<br>3951 South Ocean Drive, Unit 901<br>Hollywood, FL 33019<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, N.W.<br>Washington DC 20530-0001<br><br>　　　　　Defendant. | Civil Action No.: |

## **COMPLAINT**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002.  Plaintiff Mustapha Assi ("Plaintiff" and/or "Plaintiff") files this action due to the Federal Bureau of Investigation's ("FBI" or "Defendant"): (1) failure to timely issue a determination on Plaintiff's FOIA requests; and (2) failure to produce responsive documents to Plaintiff's FOIA request.

2. Plaintiff brings this action to compel the FBI's compliance with FOIA and to obtain the records to which he is entitled under the law. Specifically, Plaintiff seeks relief ordering the FBI to issue a determination, process and release to Plaintiff the requested records in their entirety pursuant to 5 U.S.C. § 552.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552 (a)(6)(C)(i).  The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1131, 2201(a) and 2202.

4. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff is a private citizen residing in the State of Florida.

6. Defendant FBI is the principal investigative arm of the U.S. Department of Justice and a full member of the U.S. Intelligence Community. FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001. FBI has possession, custody, and control of the records that Plaintiff seeks.

## FACTUAL ALLEGATIONS

**Pending FOIA Request**

7. On February 23, 2023, Plaintiff, through counsel, issued a FOIA request to FBI ("FOIA Requests") requesting: "[o]n behalf of our client, Mustapha Assi, a U.S. Citizen (Passport #534274880), […] any and all records in the possession of the FBI'S Terrorist Screening Center related to Mr. Assi since 2001..." A copy of Plaintiff's FOIA Request to FBI is annexed hereto as Exhibit "A".[1]

8. On February 23, 2023, the FBI acknowledged receipt of the FOIA Requests and then assigned them FOIA Tracking No. 1584809-000. *See* Exhibit B.

9. To date, Defendant FBI has not responded any further to Plaintiff's FOIA Requests.

**Prior DHS TRIP Requests and Traveling Difficulties**

10. On September 9, 2014, after applying for TSA PreCheck, Plaintiff received a letter from the U.S. Transportation Security Administration ("TSA"), determining Plaintiff's eligibility for participation in the same program. Thereafter confusingly, on October 25, 2016, Plaintiff received a letter denying Plaintiff's application for Global Entry. However, at this time, Plaintiff was still traveling normally without heightened inspection.

---

[1] All referenced exhibits are annexed hereto.

11. Thereafter, on November 18, 2020, Plaintiff received a letter from TSA deeming Plaintiff ineligible for the TSA program. Since that same date, Plaintiff started experiencing several travel difficulties on every trip upon departure from or arrival to any U.S. destination. Plaintiff has never been arrested, never been investigated, never been involved in vexatious litigation, and indeed, never gave any reason to suspect that he is involved in the funding of terrorism or terrorist activities of any kind. To the contrary, he has been an exemplary citizen.

12. Plaintiff's new travel regime has come to include, but is not limited to: (i) being prevented from obtaining a boarding pass without appearing at a check-in counter; (ii) having to wait for check-in agents to call a supervisor in order to obtain approval for his check-in; (iii) having "SSSS" marked on every single boarding pass, when issued; (iv) being subjected to additional and heightened screening of his personal belongings and of his person both at security and at the gate; (v) search of his personal cellphone. All of the foregoing adds 1 to 1.25 hours to the regular time Plaintiff would normally take to travel. Importantly, it also consumes the time of 6 to 8 DHS staff members and is labor-intensive utilizing a similar amount of time for 6-8 agents at every U.S. airport through which Plaintiff passes.

13. On December 20, 2020, Plaintiff submitted a Traveler Redress Inquiry Program request ("TRIP Request") with Control Number 2327930 in order to attempt to resolve the issue, or at least obtain additional information as to how to resolve such issues. However, Plaintiff received no response. Plaintiff even volunteered to cooperate with the DHS, CBP and the FBI in order to give them as much information as possible about his life and clarify any questions the agencies may have about him. However, Plaintiff received no response and his travel difficulties have not been resolved.

14. On June 30, 2022, Plaintiff submitted a new TRIP Request with the same Control Number 2327930, and submitted an abundance of materials regarding Plaintiff's background and financial activities for the DHS's review. Thereafter, on February 17, 2023, Plaintiff's trip Request was closed and Plaintiff received a Final Determination Letter which alleged to have made any "corrections" to Plaintiff's file, but nothing changes for Plaintiff.

15. Prior to these travel difficulties, Plaintiff had two encounters with the FBI, which should not be related in anyway with such travel difficulties.

16. The first encounter occurred in 2002, when Plaintiff was contacted at his office in Las Vegas by an FBI agent for an interview. At that time, this agent explained to Plaintiff that someone with similar looks to him traveled in first class from Dallas to Las Vegas, and during the flight was communicating with the head of ISIS through that person's laptop. Plaintiff immediately proved to the agent that on that same weekend, he, Plaintiff, was in fact on a different flight from Houston to Las Vegas. The agent further asked Plaintiff if he was a Muslim and if he attended mosques. Plaintiff promptly and comprehensively responded to all questions and was thanked for his time and cooperation. Plaintiff has never received any further information, nor has he been asked about this encounter since. It therefore cannot provide the basis for subjecting Plaintiff to enhanced screening, but Plaintiff must have access to any related information in order to address his travel difficulties.

17. The second encounter occurred in 2021 after Plaintiff started encountering these travel difficulties, in connection with DHS TRIP Request on December 20, 2020, with Redress Control Number 2327930, and related lawsuit. At the time, Plaintiff agreed to dismiss the suit when the FBI agreed to "provide Mr. Assi with an opportunity to present information to and be subject to questioning by an agent or agents of the FBI." Plaintiff attended the interview, conducted

4

by an FBI Special Agent at the regional office of the FBI in Las Vegas, during which he was forthright and cooperative.

18.  Plaintiff has tried to obtain relief through all available administrative channels, including by (i) submitting himself for an interview with the FBI, (ii) submitting two DHS Traveler Inquiry Program ("TRIP") Requests, (iii) submitting voluminous information about himself and his activities in the U.S. through an appeal to TRIP, and (iv) submitting several FOIA Requests. In fact, Plaintiff submitted a comprehensive and detailed "Notebook" with all relevant back up information regarding his family history, his personal background, his companies, his finances, and his outstanding character and reputation with his TRIP request which appears to have not been reviewed or considered by the relevant U.S. government authorities. The "Notebook" included (i) an affidavit by Thomas V. Cash, a retired Special Agent in Charge of the United States Department of Justice, the United States Drug Enforcement Administration ("DEA"), confirming the lack of any basis for the inclusion of Plaintiff in any watch lists, and (ii) numerous inquiries by U.S. Senator Marco Rubio that DHS properly review Plaintiff's file and render an appropriate decision.

19.  Plaintiff's unsuccessful TRIP Requests and the lack of response from the FBI after the interview with Plaintiff are reasons for Plaintiff's current FOIA Requests.

20.  As such, documents responsive to Plaintiff's FOIA Requests are of vital importance to the Plaintiff's rights and remedies with regard to the TRIP Requests as they will likely provide insight into the extraordinary and unreasonable heightened security screenings to which Plaintiff has been subjected.

## CAUSE OF ACTION

### COUNT I
### (Violation of FOIA, 5 U.S.C. §552)

21.     The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release records requested to the public unless one or more specific statutory exemptions apply. *See generally* 5 U.S.C. § 552.

22.     An agency is required under FOIA to make a "determination" on public records requests within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

23.     An agency may extend that 20 working day timeline to 30 working days if "unusual circumstances" delay its ability to search for, collect, examine and consult about responsive documents. 5 U.S.C. § 552(a)(6)(B).

24.     In order to make a determination, the agency must, at least: (1) gather and review the documents; (2) determine and communicate the scope of the documents it intended to produce or withhold and the reasons, if any, for withholding same; and (3) inform the requester that it can appeal the portions of the determination, if any, are adverse. 5 U.S.C. § 552 (a)(6)(A); *see also Citizens for Respon. and Ethics in Washington v. Fed. Election Commn.*, 711 F.3d 180, 186 (D.C. Cir. 2013).

25.     Once a determination has been made, an agency must make the records "promptly available." 5 U.S.C. § 552(a)(3)(A) and (a)(6)(C)(i).

26.     The FOIA further provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C § 552 (a)(4)(B).

27.    FBI has violated FOIA by failing to make a determination as to Plaintiff's FOIA Requests within the statutorily prescribed time limit, and by unlawfully withholding records responsive to Plaintiff's FOIA Requests.

28.    Accordingly, Plaintiff is entitled to an Order compelling FBI to issue a determination on Plaintiff's FOIA Requests, and produce responsive records promptly.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Order FBI to issue a determination on Plaintiff's FOIA Requests;

B.    Order FBI to disclose all non-exempt records responsive to Plaintiff's FOIA Requests;

C.    Award Plaintiff costs and reasonable attorneys' fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

D.    Grant Plaintiff such other relief as the Court may deem just and proper.

Dated: October 24, 2023                            Respectfully submitted,

*/s/ Brian H. Pandya*
Brian H. Pandya (DC Bar No. 501661)
BHPandya@duanemorris.com
DUANE MORRIS LLP
901 New York Avenue N.W., Suite 700 East
Washington, DC 20001-4795
Tel:    202.776.7800

Harold E. Patricoff, Esq.
(to be admitted *pro hac vice*)
HEPatricoff@duanemorris.com
Priscila Bandeira, Esq.
(to be admitted *pro hac vice*)
PBandeira@duanemorris.com
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131-2318
Tel:    305.960.2200
*Attorneys for Plaintiff*